UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIRT JOHN, : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 5:24-cv-0781 |
| : | |
| PENNSYLVANIA DEPARTMENT OF HUMAN : | |
| SERVICES; VALERIE A. ARKOOSH; : | |
| NORTHAMPTON COUNTY CHILDREN : | |
| YOUTH AND FAMILIES; and : | |
| LIBERKA J. REYES-BANKS; : | |
|     Defendants. : | |

**O P I N I O N**
**CYF Defendants[1] Motion to Dismiss, ECF No. 20 – Granted in part**
**DHS Defendants[2] Motion to Dismiss, ECF No. 21 – Granted in part**

**Joseph F. Leeson, Jr.**                                                                                                                                                    June 26, 2024
**United States District Judge**

## I.    INTRODUCTION

        The instant litigation arises out of Plaintiff Kirt John's disagreement with the handling of a child abuse complaint he filed with Defendants against his wife. To the extent he brings claims alleging that he was discriminated against based on his disability, national origin, and/or race, such claims are dismissed without prejudice as to all Defendants because the allegations fail to state a claim. John's claims under the Administrative Procedures Act ("APA") and federal Mandamus Act are dismissed with prejudice because these laws do not apply to state agencies, such as Defendants. The Mandamus Act claim, to the extent it relies on state law, is dismissed

---

[1]     Defendants Northampton County Children Youth and Families ("CYF") and CYF caseworker Liberka J. Reyes-Banks (collectively "CYF Defendants")
[2]     Defendants Pennsylvania Department of Human Services ("DHS") and DHS Secretary Valerie A. Arkoosh (collectively "DHS Defendants")

without prejudice because this Court declines supplemental jurisdiction over an issue better left to the state court.  The Motions to Dismiss are therefore granted in large part.

**II.    BACKGROUND**

The pertinent factual allegations, which are taken from the Amended Complaint, *see* Am. Compl., ECF No. 5, are as follows:

On August 20, 2023, John's three-year old daughter was in a car along with two other passengers that was driven by her mother (John's wife), Yulisa Custodio De John ("Custodio"). *See* Am. Compl. ¶¶ 1, 21, 24.  Custodio was driving on Route 22 in New Jersey at a high rate of speed, ran off the roadway, and crashed the car.  *Id.* 21, 24.  Custodio fled the scene of the crash with her daughter and the other two passengers.  *Id.* ¶ 22.  They went to the hospital where it was determined that John's daughter, who was not in a car seat at the time of the crash, suffered bilateral nose fractures.  *Id.* ¶ 23.  Police cited Custodio with careless driving, unlicensed driver, unregistered vehicle, and leaving the scene of an accident, but she entered a plea agreement to driving an unregistered vehicle and obstructing passage of other vehicles.  *Id.* ¶¶ 25, 27.  Based on these events, John alleges that Custodio placed their daughter's life in danger and committed child abuse.  *Id.* ¶¶ 37-40.

In September 2023, Custodio[3] filed a child abuse complaint against John with Defendant Northampton County Children Youth and Families ("CYF").  *Id.* ¶ 28.  The complaint against John was later determined to be "unfounded."  *Id.* ¶ 30.

---

[3]    The Amended Complaint alleges that Custodio's son filed the child abuse complaint against John, but John's response to DHS's Motion to Dismiss states that it was Custodio, not her son, that filed the complaint.  *Cf.* Am Compl. ¶ 28, *with* DHS. Opp. 5, ECF No. 22.  This distinction is not important for the purposes of this Opinion.

While that investigation was pending, John filed a child abuse complaint against Custodio with Defendant Pennsylvania Department of Human Services ("DHS") on October 26, 2023, and with CYF on October 27, 2023.  *See id.* ¶ 1.  On November 6, 2023, John hand delivered a second complaint to Defendant Liberka J. Reyes-Banks, the CYF caseworker assigned to the complaint against John.[4]  *Id.* ¶¶ 2, 28, 30.  Reyes-Banks questioned John why the police did not cite Custodio for driving without a car seat, which John asked her to investigate.  *Id.* ¶¶ 32-33.  Reyes-Banks did not file a written report, nor notify the person in charge of John's complaint.  *Id.* ¶ 34.  John's inquiries regarding his complaint, the last of which was on January 11, 2024, when he delivered a third complaint, have gone unanswered.  *Id.* ¶¶ 3-4, 35.

John claims that Reyes-Banks and Custodio, who share the same national origin: Dominican Republic, conspired together to discriminate against him.  *Id.* ¶¶ 29, 40.  John contends that Defendants willfully ignored his complaints of child abuse against Custodio, refused to provide responses for his disability,[5] excluded him from participation in the benefits of their services, and have denied him equal protection under the law.  *Id.* ¶¶ 4-5, 40-42.  John initiated the above-captioned action on February 20, 2024, asserting claims against all Defendants[6] for a violation of or seeking relief under: (I) Title II of the Americans with Disabilities Act ("ADA"); (II) Section 504 of the Rehabilitation Act ("RA"); (III) the Pennsylvania Human Relations Act ("PHRA")- discriminatory practices in public accommodations based on disability and national origin; (IV) the Administrative Procedures Act

---

[4]     The claims against Reyes-Banks are in her official capacity only.  *See* Am. Compl.
[5]     John states he is a "disabled United States veteran who communicates more effectively using written correspondence."  Am. Compl. ¶ 1.  He alleges to have substantial limitations to the major life activities of hearing and speaking.  *Id.* ¶ 59.
[6]     In addition to the three Defendants previously mentioned, John also names DHS Secretary Valerie A. Arkoosh as a Defendant.  There are no factual allegations as to any involvement by Arkoosh.  *See* Am. Compl.  Arkoosh is sued in her official capacity only.  *See id.*

("APA")- unlawfully withheld and unreasonably delayed; (V) the APA- arbitrary and abuse of discretion; (VI) the APA- contrary to constitutional right and privilege; (VII) the APA- short of statutory right; (VIII) the APA- without observance of procedure; (IX) the Mandamus Act; and (X) Title VI[7] of the Civil Rights Act of 1964- discrimination in federally funded programs.

The CYF Defendants and the DHS Defendants have each filed a Motion to Dismiss. *See* CYF Mot., ECF No. 20; DHS Mot., ECF No. 21.  The motions are fully briefed.  *See also* CYF Opp., ECF No. 23; DHS Opp., ECF No. 22; CYF Reply, ECF No. 24; DHS Reply, ECF No. 25. For the reasons discussed herein, the Motions are granted in part.

### III.  LEGAL STANDARDS

#### A.  Motion to Dismiss – Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a

---

[7]  The heading of Count X asserts a violation of Title VI of the Civil Rights Act, but the individual paragraphs thereunder refer to Title V of the Civil Rights Act of 1964.  Because Title V, which describes the composition and duties of the Commission on Civil Rights, does not provide John with a cause of action, *see Grajales v. Hutcheson*, No. 1:07-cv-1876, 2008 U.S. Dist. LEXIS 77070, at *5 (M.D. Pa. Sep. 30, 2008), Count X is construed under Title VI of the Civil Rights Act.

complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Additionally, "a document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted). The defendant bears the burden of proving that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### B. Americans with Disabilities Act – Review of Applicable Law

Title II of the ADA provides: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim, a plaintiff "must demonstrate: (1) he is a qualified individual; (2) with a disability; (3) he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability." *Bowers v. NCAA*, 475 F.3d 524, 553 n.32 (3d Cir. 2007). "To be considered a 'qualified individual with a disability' under the statute, a plaintiff must allege that he has a 'disability' which is defined as 'a physical or mental impairment that substantially limits one or more major life activities of such individual.'" *Miller*

*v. Cty. of Chester*, No. 23-3992, 2024 U.S. Dist. LEXIS 10531, at *34-35 (E.D. Pa. Jan. 19, 2024) (quoting 42 U.S.C. § 12102(1)(A)).  "[M]ajor life activities include, but are not limited to, . . . hearing, . . . speaking. . . ."  42 U.S.C. § 12102)(2)(A).  The terms "substantially," which means considerable or to a large degree, and "major," which means important, "need[s] to be interpreted strictly to create a demanding standard for qualifying as disabled."  *See Toyota Motor Mfg., Ky. v. Williams*, 534 U.S. 184, 196-97 (2002).  "By reason of his disability" requires the plaintiff to "show that intentional discrimination was the but for cause of the allegedly discriminatory action."  *See New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 300 n.4 (3d Cir. 2007).

Compensatory damages are only available under the ADA, Section 504 of the RA, the PHRA, and Title VI of the Civil Rights Act for intentional discrimination.  *See S.H. v. Lower Merion Sch. Dist.*, 729 F.3d 248, 260 (3d Cir. 2013).  To prove intentional discrimination, a "claimant must prove at least deliberate indifference, and to plead deliberate indifference, a claimant must allege (1) knowledge that a federally protected right is substantially likely to be violated ... and (2) failure to act despite that knowledge."  *Haberle v. Troxell*, 885 F.3d 171, 181 (3d Cir. 2018) (internal citations and quotation marks omitted).

      C.      **Section 504 of the Rehabilitation Act – Review of Applicable Law**

Section 504 of the RA provides: "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."  29 U.S.C. § 794.  "Section 504 of the Rehabilitation Act and Title II of the ADA offer similar protections for persons with disabilities.  Although Title II applies to all state and municipal governments, § 504 applies only to those

agencies or departments receiving federal funds, and § 504 applies only during the periods during which the funds are accepted." *Koslow v. Pennsylvania*, 302 F.3d 161, 166 n.3 (3d Cir. 2002). The other notable difference between these two statutory provisions relates to the causal link requirement. Section 504 of the RA requires that the "sole reason" for the discrimination be the disability, while the ADA requires only but for causation. *See New Directions Treatment Servs.*, 490 F.3d at 300 n.4. "However, a plaintiff bringing a Rehabilitation Act claim need not allege that her disability was the sole motivation for the policy or action that ultimately excluded her from receiving benefits." *Smith v. Twp. of Warren*, No. 14-7178-BRM-LHG, 2016 U.S. Dist. LEXIS 177726, at *33-34 (D.N.J. Dec. 22, 2016) (citing *Nathanson v. Med. Coll. of Pa.*, 926 F.2d 1368, 1384 (3d Cir. 1991)). Rather, a plaintiff may satisfy the causation element by alleging that she was excluded from the benefits of the program because she was unable to access and/or utilize the benefits solely due to her disability. *See id.*

   **D.**  **Pennsylvania Human Relations Act – Review of Applicable Law**

The legal standards governing the ADA claim apply equally to a disability discrimination claim under the PHRA. *See Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996) (concluding that the district court properly treated the plaintiff's PHRA claims as coextensive with his ADA claim).

   **E.**  **Administrative Procedures Act – Review of Applicable Law**

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. *See also Estrada v. Mayorkas*, No. 23-2110, 2023 U.S. Dist. LEXIS 208185, at *11 (E.D. Pa. Nov. 21, 2023) ("The APA provides in broad terms for judicial review of certain activity of administrative agencies."). The term "'agency action' includes the whole or

a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). The term "'agency' means each authority of the Government of the United States." *Id.*; 5 U.S.C. § 701(b)(1). Under the APA, the reviewing court may "compel agency action unlawfully withheld or unreasonably delayed," and "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. . . ." 5 U.S.C. § 706.

F.  **Mandamus – Review of Applicable Law**

The federal Mandamus Act provides: "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of 'a clear nondiscretionary duty.'" *Pittston Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

Mandamus relief is also available under Pennsylvania law. *See, e.g.* Pa. R. Civ. P. 1095 (providing for a complaint in mandamus). "A mandamus is an extraordinary writ of common law, designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy." *Bronson v. Commonwealth Bd. of Prob. & Parole*, 421 A.2d 1021, 1023 (Pa. 1980). "A mandamus will not lie to compel discretionary acts. . . ." *Id.*

G.  **Title VI of the Civil Rights Act – Review of Applicable Law**

Section 601 of Title VI of the Civil Rights Act provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving

Federal financial assistance." 42 U.S.C. § 2000d.  To state a claim under Title VI, a plaintiff must show: (1) he was a member of a protected class, (2) was qualified for the benefit or program at issue, (3) suffered an adverse action, (4) which occurred under circumstances giving rise to an inference of discrimination.  *See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 314 (3d Cir. 2014).

Private individuals may sue to enforce Title VI and obtain both injunctive relief and damages.  *See Alexander v. Sandoval*, 532 U.S. 275, 279 (2001).  However, Title VI "prohibits only intentional discrimination."  *See id.* at 280.  "[F]unding recipients are properly held liable in damages only where they are deliberately indifferent to [] harassment, of which they have actual knowledge."  *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 650 (1999).  "Constructive knowledge is not sufficient."  *Blunt*, 767 F.3d at 273.  Thus, a municipality cannot be held liable for the acts of its employees through respondeat superior liability.  *See Blunt v. Lower Merion Sch. Dist.*, 826 F. Supp. 2d 749, 761 (E.D. Pa. 2011) (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 283 (1998)).  *See also Davis*, 526 U.S. at 642 (holding that a school district may "be liable for damages only where the district itself intentionally acted in clear violation of Title [VI] by remaining deliberately indifferent to acts of teacher-student harassment of which it had actual knowledge").

H.   **Supplemental Jurisdiction - Review of Applicable Law**

Pursuant to 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim. . . if . . . [it] has dismissed all claims over which it has original jurisdiction."  "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."  *Carlsbad Tech., Inc. v. HIF Bio, Inc*., 556 U.S. 635, 639 (2009).  In deciding whether to exercise supplemental

jurisdiction, the district courts should consider factors such as judicial economy, convenience, and fairness to litigants. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that "if these [factors] are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them"). The United States Supreme Court has further advised that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id*.

## IV.  ANALYSIS

### A.  The ADA, PHRA, and RA claims are dismissed without prejudice.

John's claims under the ADA, PHRA, and RA are woefully deficient. John offers nothing more than the conclusory allegation that he is disabled and communicates more effectively using written correspondence. *See* Am. Compl. ¶¶ 1, 59. He fails to allege whether he has a physical or mental impairment or to offer any allegations about how his major life activities are substantially limited. *See Alja-Iz v. United States V.I. Dep't of Educ.*, No. 2014-42, 2015 U.S. Dist. LEXIS 41572, at *7 (D.V.I. Mar. 31, 2015) (dismissing the ADA claim where the plaintiff offered only the conclusory allegation that he was a "disabled" individual but failed to identify his purported disability or the nature thereof). John also fails to allege that any Defendant was aware of his disability. *See Alja-Iz v. United States V.I. Bd. of Educ.*, 625 F. App'x 591, 593 (3d Cir. 2015) (concluding that the plaintiff's failure to allege that the defendant was aware of any purported disability when it made its decision was "sufficient on its own to dispose of [the plaintiff's] claim under the ADA"). The Amended Complaint further fails to offer any factual allegations to show that John was excluded from participation in or denied the benefits of Defendants' services because of such disability. *See Randolph v. Turgeon*, No. 1:21-CV-316, 2022 U.S. Dist. LEXIS 81694, at *19 (M.D. Pa. May 5, 2022) (recommending

dismissal of the ADA claim against Children & Youth Services where the plaintiff never pled that her child was taken away from her *but for* her disability because "having a disability concurrently with an adverse event is not enough to state a plausible ADA claim"), *adopted by* 2022 U.S. Dist. LEXIS 245290 (M.D. Pa. June 9, 2022); *Bou v. New Jersey*, No. 11-6356, 2012 U.S. Dist. LEXIS 63780, at *8-9 (D.N.J. May 7, 2012) (dismissing the claims pursuant to Title II of the ADA and Section 504 of the RA because the plaintiff did not allege sufficient facts to demonstrate that the defendants were aware the plaintiff was disabled or that the alleged denial of benefits was by reason of his disability). The Amended Complaint does not even describe the services, benefits, or programs from which John was allegedly excluded. In fact, the Amended Complaint does not distinguish between the various Defendants, their services, their knowledge, or their roles in the alleged violations. To the extent John seeks monetary damages in addition to injunctive relief, his claims are also insufficient to establish intentional discrimination. Since the pleadings are so deficient, this Court is unable to determine whether leave to amend would be futile and therefore allows leave to amend. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile"). Counts I, II, and III are dismissed without prejudice as to all Defendants.[8]

---

[8] DHS argues that these claims, as well as the one under Title VI, should be dismissed with prejudice as to Arkoosh because there is no individual liability under these statutes. *See* DHS Mot. 6-7 (citing cases). However, the "ADA and Rehabilitation Act do not prevent suits against individuals in their official capacities." *Robinson v. Pa. Dep't of Corr.*, No. 20-2978, 2022 U.S. Dist. LEXIS 59455, at *7 n.39 (E.D. Pa. Mar. 31, 2022). The cases DHS cites do not specify whether the individual defendants were sued in their individual or official capacities, and the courts have allowed suits for injunctive relief against individuals in their official capacities to proceed. *See, e.g. Edwards v. Rivello*, No. 1:23-CV-156, 2023 U.S. Dist. LEXIS 216436, at *23 (M.D. Pa. Dec. 5, 2023) (concluding that the official capacity ADA claim against the individual defendants was not subject to dismissal). The Court notes that claims against the individual defendants may be duplicative of claims against their respective employers, *see Howard v. Dep't*

### B. The APA claims are dismissed with prejudice.

John brings five claims under the APA. *See* Am. Compl. ¶¶ 76-99 (citing 5 U.S.C. § 706). However, "the APA is of course not applicable to state agencies." *Dep't of Transp. & Dev. v. Beaird-Poulan, Inc.*, 449 U.S. 971, 973 (1980). The claims against CYF and DHS, state agencies, are therefore dismissed. *See Wolfe v. Beard*, No. 10-2566, 2011 U.S. Dist. LEXIS 15339, at *11 (E.D. Pa. Feb. 14, 2011) (dismissing the APA claim against the Pennsylvania Department of Corrections because "the APA does not apply to state agencies"). Claims against Reyes-Banks and Arkoosh, who are sued in their official capacities as employees of the state agencies, are also dismissed. *See W. Penn Power Co. v. Train*, 522 F.2d 302, 310 (3d Cir. 1975) ("The APA does not extend to state agencies. Thus, it could not afford the district court jurisdiction of West Penn's suit against Goddard, who is the Secretary of a Pennsylvania agency."). Counts IV, V, VI, VII, and VIII are dismissed with prejudice.[9]

### C. The Mandamus Act claim is dismissed in part with prejudice.

John seeks mandamus relief under both federal and Pennsylvania law. *See* Am. Compl. ¶ 101. The federal Mandamus Act, however, applies only to writs issued against an "officer or employee of the United States," and not to actions against state agencies or state officials. *See Weaver v. Wilcox*, 650 F.2d 22, 25 (3d Cir. 1981) (stating that the plaintiff could not state a cause of action under the Mandamus Act against state officials). Since all Defendants are state agencies or employees thereof, Count IX is dismissed with prejudice to the extent it relies on the

---

*of Corr.*, No. 24-CV-0633, 2024 U.S. Dist. LEXIS 84273, at *12 n.7 (E.D. Pa. May 9, 2024), but is unable to determine if such claims are or will be duplicative prior to the filing of an amended pleading. The request to dismiss Arkoosh with prejudice is therefore denied at this time.

[9] Since the APA is not applicable to any Defendant, leave to amend would be futile.

federal Mandamus Act.[10]  To the extent John relies on Pennsylvania law for mandamus relief,[11] Count IX is not dismissed.  However, if John is unable to sufficiently state a federal claim in a second amended complaint, the Court intends to decline to exercise supplemental jurisdiction.

### D. The Title VI claim is dismissed without prejudice.

John fails to state a claim under Title VI.  Initially, John fails to even allege that he is a member of a protected class.  Although he alleges that Custodio and Reyes-Banks share the same national origin, John does not state his own national origin.  *See Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 766 (3d Cir. 2004) ("Where one cannot trace ancestry to a nation outside of the United States, a [group] within the United States, . . . does not constitute a basis for a valid national origin classification.").  John also makes brief mention of the word "race" but again fails to allege his own race or that of any Defendant.  The Amended Complaint also fails to specifically identify the benefit or program at issue for which he was allegedly qualified or to state that such program received federal financial assistance.  *See Valentin v. Esperanza Hous. Counseling*, No. 18-1984, 2019 U.S. Dist. LEXIS 128180, at *7 (E.D. Pa. July 31, 2019) ("Title VI is not applicable to claims against programs or activities not receiving federal financial assistance.").  Additionally, the Amended Complaint fails to allege that John suffered an adverse action.  "[T]o be cognizable in the civil rights context, an adverse action generally must be

---

[10]  Since the federal Mandamus Act is not applicable to any Defendant, leave to amend would be futile.

[11]  CYF suggests that mandamus relief is not available because its duties are discretionary in nature, *see* CYF Mot. 12-14, but Pennsylvania courts have held that because a child protection agency is required by statute to immediately commence an appropriate investigation upon receipt of a report of child abuse, "the duty to investigate is mandatory, not discretionary."  *Bender v. Vernon*, 2008 Pa. Commw. Unpub. LEXIS 844, at *11-12 (Commw. Ct. May 12, 2008) (citing 23 Pa.C.S. § 6368(a)).  Although some of the alleged failures by CYF may be discretionary in nature, its alleged failure to conduct *any* investigation of the child abuse complaint is not discretionary.

material." *See id.* at *9 (citing *Burlington Northern & Santa Fe Ry. V. White*, 548 U.S. 53, 68 (2006)). "More significantly for present purposes, an adverse action normally deters a reasonable person from exercising some protected activity." *Id.* The Amended Complaint fails to provide any factual allegations giving rise to an inference of discrimination. *See Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 702 (3d Cir. 2010) (explaining that to overcome a motion to dismiss, the plaintiff has the burden of pleading sufficient factual matter that permits the reasonable inference that she suffered adverse action because of her race or national origin; naked assertions devoid of factual enhancement are insufficient). Consequently, the allegations are also insufficient to show intentional discrimination, which is necessary to the extent monetary damages are sought. Although this Court questions whether John will be able to amend his allegations to state a claim, it is unable to conclude that an amendment would be futile given the complete inadequacy of his allegations and therefore grants leave to amend. *See Alston*, 363 F.3d at 235.

Count X is dismissed without prejudice as to all Defendants.[12]

### E.     Amended complaint.

John is granted leave to file a second amended complaint as to Counts I, II, III, X, and in limited part, Count IX. He is advised that the second "amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). It must be a new

---

[12]     CYF, relying on law applicable to § 1983 litigation, argues that Count X against Reyes-Banks should be dismissed with prejudice because a claim against her in her official capacity is simply a claim against the state and a state cannot be sued for monetary damages under § 1983. *See* CYF Mot. 14-15. However, in addition to monetary damages, John seeks injunctive relief. When a state official is sued in his/her official capacity for damages, the suit is treated as one against the state, *see Powell v. Ridge*, 189 F.3d 387, 401 (3d Cir. 1999), but "official-capacity actions for prospective relief are not treated as actions against the State," *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1908). The request to dismiss Reyes-Banks with prejudice from Count X is therefore denied. *See also* footnote 8 *supra*

pleading which stands by itself without reference to the original or first amended complaint. *Id.* The second amended complaint must include specific factual allegations as to each of the Defendants and each of the elements of each claim. It "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)). "The amended complaint must be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." *Id.* (citing Fed. R. Civ. P. 8(e)(1)).

## V. CONCLUSION

The claims under the ADA, PHRA, RA, and Title VI are based on conclusory allegations with no factual support. Accordingly, Counts I, II, III, and X are dismissed without prejudice for failure to state a claim. The APA does not extend to state agencies; therefore, because all Defendants are state agencies or employees thereof, Counts IV, V, VI, VII, and VIII are dismissed with prejudice. For this reason, the Mandamus Act claim in Count IX, to the extent it relies on federal law, is also dismissed with prejudice. To the extent that Count IX relies on state law, the Court will not dismiss the claim but intends to decline to exercise supplemental jurisdiction should John not plead a cognizable federal claim in a second amended complaint.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge