UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

KIRT JOHN, :
         Plaintiff, :
 :
    v. : No.  5:24-cv-0781
 :
PENNSYLVANIA DEPARTMENT OF HUMAN :
SERVICES; VALERIE A. ARKOOSH; :
NORTHAMPTON COUNTY CHILDREN :
YOUTH AND FAMILIES; and :
LIBERKA J. REYES-BANKS; :
         Defendants. :
_____

**O P I N I O N**
**CYF Defendants[1] Motion to Dismiss, ECF No. 29 – Granted**
**DHS Defendants[2] Motion to Dismiss, ECF No. 30 – Granted**

**Joseph F. Leeson, Jr.**                                                                                              October 2, 2024
**United States District Judge**

## I.  INTRODUCTION

The instant litigation arises out of Plaintiff Kirt John's disagreement with the handling of a child abuse complaint he filed with Defendants against his wife.  In a Second Amended Complaint, John alleges that his due process rights were violated and that he was discriminated against on the basis of his gender.  However, John does not have a constitutionally protected interest in the investigation of child abuse claims and fails to allege any facts suggesting discrimination.  His claims are therefore dismissed for the reasons set forth below.

---

[1]     Defendants Northampton County Children Youth and Families ("CYF") and CYF caseworker Liberka J. Reyes-Banks (collectively "CYF Defendants")
[2]     Defendants Pennsylvania Department of Human Services ("DHS") and DHS Secretary Valerie A. Arkoosh (collectively "DHS Defendants")

**II.     BACKGROUND**

In an Opinion dated June 26, 2024, this Court detailed the factual and procedural history of this case, as well as the claims in John's first Amended Complaint. *See* ECF Nos. 26-27. The Opinion is incorporated herein. After review of motions to dismiss, this Court dismissed with prejudice John's claims under the the Administrative Procedures Act ("APA"), as well as his Mandamus Act claim under federal law. *See id.* John's claims under the Americans With Disabilities Act, the Pennsylvania Human Relations Act, the Rehabilitation Act, and Title VI of the Civil Rights Act were dismissed without prejudice and with leave to amend on or before July 26, 2024. *See id.*

On July 29, 2024, John filed a Second Amended Complaint. *See* Sec. Am. Compl., ECF No. 28. The Second Amended Complaint is based on events arising from the same set of facts. Specifically, on August 20, 2023, John's wife Custodio was driving a car occupied by their three-year old daughter, who was not in a car seat, and two other passengers at a high rate of speed when she ran off the roadway and crashed the car. *See id.* ¶ 26. Custodio "fled the scene" with their daughter and the other two passengers to the hospital. *Id.* ¶ 27. At the hospital, it was determined that their daughter suffered bilateral nose fractures and generalized body pain. *Id.* ¶ 29. Based on these events, John filed a child abuse complaint against Custodio with Defendants on October 26, 2023, and amended thereafter. *Id.* ¶¶ 1-2.

The Second Amended Complaint asserts claims based on Defendants' purported failure to investigate the child abuse complaint that were not previously asserted. Specifically, the Second Amended Complaint alleges the following causes of action: (I) procedural due process violation against Defendant DHS; (II) procedural due process violation against Defendant Arkoosh; (III) procedural due process violation against Defendant CYF; (IV) procedural due

process violation against Defendant Reyes-Bank; (V) equal protection violation against Defendant Reyes-Bank;[3] and (VI) Pennsylvania Mandamus Act.

The CYF Defendants and the DHS Defendants have each filed a Motion to Dismiss. *See* CYF Mot., ECF No. 29; DHS Mot., ECF No. 30. John failed to timely respond to the motions. Accordingly, this Court issued an Order on September 3, 2024, extending the time for John to respond to the motions until September 16, 2024, and warning that "failure to respond may result in the motion(s) being granted as uncontested without further notice." *See* Order, ECF No. 31 (quoting E.D. Pa. L.R. 7.1 (providing that "any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief [and i]n the absence of timely response, the motion may be granted as uncontested")). To date, John has still failed to submit anything in opposition to the motions or to request additional time in which to do so.

## III. LEGAL STANDARDS

### A. Motion to Dismiss – Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[3] John cites to the Equal Protection Clause of the Fourteenth Amendment, but also to the Civil Rights Act of 1964.

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Additionally, "a document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted). The defendant bears the burden of proving that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

      **B.**      **Section 1983 claims- Review of Applicable Law**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The first step for the court analyzing a claim under § 1983 "is to identify the exact contours of the underlying right said to have been violated." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998). The court must determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." *See Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *Id.*). Section "1983 is not itself a source of substantive rights, but merely provides a method for

vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted). A "defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A supervisory defendant may be liable under 42 U.S.C. § 1983 if the defendant, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the plaintiff's] constitutional harm." *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989).

   **C.**  **Procedural Due Process claims – Review of Applicable Law**

"The Fourteenth Amendment to the United States Constitution provides that a State shall not 'deprive any person of life, liberty, or property, without due process of law.'" *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 755, 125 S. Ct. 2796, 2802-03 (2005) (quoting Amdt. 14, § 1). "In 42 U.S.C. § 1983, Congress has created a federal cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Id.* (internal quotations omitted).

To state a claim for deprivation of procedural due process rights, a plaintiff must allege: (1) the deprivation of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available did not

provide "due process of law."  *See Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (citing *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).  "The procedural component of the Due Process Clause does not protect everything that might be described as a 'benefit.'" *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005).  "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).  "Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law. . . ." *Id.*

### D. Equal Protection Clause- Review of Applicable Law

To state a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983, the plaintiff must establish: (1) the existence of purposeful discrimination; and (2) the defendant's personal involvement in this discrimination. *See Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (citing *Andrews v. Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990)).  The plaintiff must show that any disparate treatment was based upon his membership in a protected class (race, gender, etc.).  *See id.* "Personal involvement exists where the defendant engaged in the purposeful discriminatory conduct himself or knowingly acquiesced to it." *Dowling v. Commonwealth Liquor Control Bd.*, No. 88-7568, 1992 U.S. Dist. LEXIS 17438, at *20-21 (E.D. Pa. Oct. 26, 1992).

### E. Supplemental Jurisdiction - Review of Applicable Law

Pursuant to 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim. . . if . . . [it] has dismissed all claims over which it has original jurisdiction."  "A district court's decision whether to exercise that jurisdiction after dismissing

every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).  In deciding whether to exercise supplemental jurisdiction, the district courts should consider factors such as judicial economy, convenience, and fairness to litigants.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that "if these [factors] are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them").  The United States Supreme Court has further advised that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."  *Id*.

## IV.     ANALYSIS

Initially, although John filed the Second Amended Complaint three (3) days after it was due, it will not be dismissed as untimely in light of John's pro se status.  Given his pro se status, the Second Amended Complaint will also not be dismissed based on John's failure to obtain permission to assert new causes of action.  Instead, the claims are reviewed on the merits.

### A.     **The due process claims are dismissed with prejudice.**

In Counts I through IV, John contends that his procedural due process rights were violated by Defendants' alleged failure to conduct an investigation into his complaint of child abuse.  John does not, however, have a constitutionally protected interest in this regard.  John cites to Defendants' duties under, and its alleged violations of, Pennsylvania's Child Protective Services Law.  *See* 23 Pa.C.S. §§ 6301-6388.  This law does not create a constitutionally protected property right.  *See Coon v. Cty. of Lebanon*, 111 F.4th 273, 276 (3d Cir. 2024) (rejecting the plaintiff's claim that the duty of county agencies to investigate reports of child abuse under § 6368 gave victims a property interest in enforcement, and affirming dismissal of

the procedural due process claims).  Without a protected property interest, the due process claims fail as a matter of law.  *See id.*  Counts I through IV are dismissed with prejudice.

**B.     The equal protection claim is dismissed with prejudice.**

In John's first Amended Complaint, he alleged in conclusory fashion that Defendants discriminated against him on the basis of disability, national origin, and/or race in violation of Title VI of the Civil Rights Act.  This claim was dismissed because the "Amended Complaint fail[ed] to provide any factual allegations giving rise to an inference of discrimination."  *See* Opn. 14.  Since the allegations were so lacking, this Court was unable to determine if leave to amend would be futile and therefore dismissed the claim without prejudice.  *See id.*

In the Second Amended Complaint, John has abandoned all allegations that he was discriminated against on the basis of his disability, national origin, and/or race.  Instead, he now alleges in conclusory fashion that he was discriminated against "solely on the basis of gender."  *See* Sec. Am. Compl. ¶ 113.  There are absolutely no factual allegations that would support this claim[4] and it is not entitled to the presumption of truth.  Since John was previously warned of the need to include special factual allegations to support his discrimination claim and still failed to state a claim after leave to amend, further leave to amend would be futile and cause undue delay.[5]  Count V is dismissed with prejudice.

---

[4]     Although John refers to Title VI within the body of Count V (violation of Fourteenth Amendment Equal Protection Clause), "Title VI does not cover gender discrimination." *Shannon v. Lardizzone*, 334 F. App'x 506, 507 n.1 (3d Cir. 2009).  Regardless, because the allegations are deficient, the claim would also fail under Title IX.  *See* Cannon v. Univ. of Chi., 441 U.S. 677, 694-95 (1979) ("Except for the substitution of the word 'sex' in Title IX to replace the words 'race, color, or national origin' in Title VI, the two statutes use identical language to describe the benefited class.").

[5]     *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").

### C. Supplemental jurisdiction over the state-law Mandamus Act claim is denied.

Having dismissed all federal claims and in the absence of diversity jurisdiction, this Court declines to exercise supplemental jurisdiction over the remaining state-law claim. In declining supplemental jurisdiction, this Court notes the early stage of the proceedings and John's failure to respond to Court Orders. Also, all Defendants have asked this Court not to exercise supplemental jurisdiction, and there appears to be little prejudice or inconvenience to John if he is required to pursue his claim in state court. Moreover, given the nature of the claim,[6] the Court finds that it is in the interests of comity to decline to exercise jurisdiction. Count VI is therefore dismissed without prejudice to John's right to bring his claim in state court. John is advised that the period of limitations for this claim was tolled during the pendency of this action and "for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

## V. CONCLUSION

John's Second Amended Complaint is dismissed in its entirety for failure to state a federal claim. Since John does not have a protected property interest, his due process claims are dismissed with prejudice as a matter of law. His equal protection claim is also dismissed with prejudice because despite previous leave to amend, John has failed to allege any facts that would support a claim of discrimination. The sole remaining claim is for relief under Pennsylvania's

---

[6] "A mandamus is an extraordinary writ of common law, designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy." *Bronson v. Commonwealth Bd. of Prob. & Parole*, 421 A.2d 1021, 1023 (Pa. 1980).

Mandamus Act, over which this Court declines to exercise supplemental jurisdiction. John may reassert this claim in an action timely filed in the state court. Defendants' Motions to Dismiss are granted.

    A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge